**FILED**
JAMES J. VILT, JR. - CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MAR - 4 2025

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA

v.

**GARY TABLER**

INFORMATION

NO. 3:25-CR-42-RGJ
18 U.S.C. § 981
18 U.S.C. § 1343
28 U.S.C. § 2461

The United States Attorney charges:

### COUNT 1
*(Wire Fraud)*

1. From on or about June 4, 2012, to on or about June 25, 2019, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendant, **GARY TABLER**, devised and intended to devise a scheme to defraud the Victim Estate #1, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing said scheme, caused signs, signals, and sounds to be transmitted in interstate commerce.

2. The decedent died in Louisville, KY on December 27, 2011. The beneficiaries of a decedent's estate, Victim Estate #1, asked **GARY TABLER** to act as the administrator and fiduciary of Victim Estate #1. On January 23, 2012, the court appointed **GARY TABLER** as Administrator with Will Annexed of Victim Estate #1 at the beneficiaries' request.

3. It was part of the scheme that **GARY TABLER**, while acting in his capacity as administrator and fiduciary for Victim Estate #1, established a bank account in the name of Victim Estate #1 over which he exercised dominion and control.

4.  It was further part of the scheme that **GARY TABLER** represented to the beneficiaries of Victim Estate #1 that, as an attorney, he would accept the appointment and act as administrator and fiduciary for the estate, manage the settlement of Victim Estate #1 by paying necessary bills and claims against the estate, and directing remaining monies and properties to entitled heirs, among other responsibilities.

5.  It was further part of the scheme that **GARY TABLER**, instead of managing the settlement of Victim Estate #1, diverted $210,275 of the approximate $770,000 in property and assets belonging to Victim Estate #1 for his personal benefit in a manner wholly unrelated to the business of the settlement of Victim Estate #1.

6.  On or about the date set forth below, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendant, **GARY TABLER**, did knowingly and willfully, cause to be transmitted by means of wire communication in interstate commerce the signals and sounds described below:

| Date | Description of Wire |
|---|---|
| June 25, 2019 | Check #1053 in the amount of $25,000 written on Victim Estate #1's account, made payable to **GARY TABLER** was negotiated, which caused an interstate wire transaction to be initiated inside the Western District of Kentucky to outside of Kentucky. |

All in violation of Title 18, United States Code, Section 1343.

## NOTICE OF FORFEITURE

If convicted of any violation of Title 18, United States Code, Section 1343, as alleged in Count 1 of this Information, **GARY TABLER**, the defendant, shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds obtained, directly or

indirectly, as the result of the violations, and any property involved in such violations.

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461.

*[signature]*

_____
MICHAEL A. BENNETT
UNITED STATES ATTORNEY

MAB: NSE: CEK

UNITED STATES OF AMERICA v. **GARY TABLER**

## PENALTIES

Count 1:        NM 20 yrs./$250,000/both/NM 3 yrs. Supervised Release
Forfeiture

## NOTICE

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

|  | Misdemeanor: | $ 25 per count/individual<br>$125 per count/other | Felony: | $100 per count/individual<br>$400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following**:

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

   <u>For offenses occurring after December 12, 1987:</u>

   No **INTEREST** will accrue on fines under $2,500.00.

   **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

   **PENALTIES** of:

   10% of fine balance if payment more than 30 days late.

   15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

   If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1.  That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2.  Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

LOUISVILLE:
Clerk, U.S. District Court
106 Gene Snyder U.S. Courthouse
601 West Broadway
Louisville, KY 40202
502/625-3500

BOWLING GREEN:
Clerk, U.S. District Court
120 Federal Building
241 East Main Street
Bowling Green, KY 42101
270/393-2500

OWENSBORO:
Clerk, U.S. District Court
126 Federal Building
423 Frederica
Owensboro, KY 42301
270/689-4400

PADUCAH:
Clerk, U.S. District Court
127 Federal Building
501 Broadway
Paducah, KY 42001
270/415-6400

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.