UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                        Plaintiff

v.                                        Criminal Action No. 3:25-cr-42-RGJ

GARY TABLER                                                    Defendant

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Defendant Gary Tabler ("Tabler"), proceeding post-conviction, asks the Court to limit the Treasury Department's withholding of Social Security benefits under the Treasury Offset Program. [DE 26]. The United States responded. [DE 27]. Tabler replied. [DE 28]. For the reasons below, Tabler's motion [DE 26] is **DENIED**.

## I. BACKGROUND

On March 25, 2025, Tabler pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343 pursuant to a Rule 11(c)(1)(B) plea agreement. [DE 8, Plea Agreement].  He was sentenced to 5 years of supervised release, ordered to pay a special penalty of $100, and ordered to pay restitution in the amount of $207,225. [DE 22, Judgement and Commitment Order]. Tabler was ordered to pay the "[l]ump sum payment of $207,325.00" in accordance with the following: "[p]ayment in the amount of at least $100.00 per month, to commence within 60 days of this judgment. This payment schedule shall continue until such time as there is a material change in the defendant's ability to pay, when the payment schedule will be adjusted accordingly." [DE 22 at 113].  As part of the plea agreement, Tabler agreed "that any payment schedule imposed by the Court is without prejudice to the United States to take all actions available to it to collect the full amount of the restitution at any time." [DE 8, ¶ 9 at 20]. A few additional agreements were made

as part of the plea agreement relating to Tabler's finances, including that "Defendant agrees to his name and debt being added to the Treasury Offset Program." [DE 8, ¶ 9 at 21].

Tabler asserts he received a letter in January 2026 notifying him that a collection action administered through the Treasury Offset Program had been initiated against him for a debt owed to the U.S. Attorney Kentucky-Western and that funds may be withheld from his social security benefit. [DE 26 at 127]. Tabler asserts he will have to live on less than $1,899 per month if the program withholds 15%, which is $330 per month, from his benefit. [*Id*.] He asserts his living expenses are more than his monthly income, and he is 72 years old and unemployable. [*Id*.]

## II. ANALYSIS

"The Treasury Offset Program ("TOP") is a federal program, governed by the Debt Collection Act of 1982 and Debt Collection Improvement Act of 1996, that allows the Department of the Treasury ("Treasury") to collect delinquent non-tax debts owed to the federal government." *Adigun v. IRS*, No. 1:20-cv-3676-AT-SN, 2021 WL 4709751, at *1 (S.D.N.Y. Jul. 27, 2021), *report and recommendation adopted*, 2021 WL 4219664 (S.D.N.Y. Sep. 16, 2021); *see also* 31 U.S.C. § 3716(a). "The Treasury collects these non-tax debts by withholding funds that would otherwise be paid to an individual by other federal agencies, including Social Security payments or tax refunds." *In re Thompson*, Adv. Pro. No. 22-3011 (AMN), 2023 WL 3800614, at *5 (Bankr. D. Conn. Jun. 2, 2023); *see also* 26 U.S.C. § 6402; 31 C.F.R. § 285.5. Under this program, offsets against Social Security benefits are "availab[le]" but "limited." *Lockhart v. United States*, 546 U.S. 142, 144 (2005).

As a threshold matter, Tabler has not established that his motion is justiciable here. "The district courts of the United States are courts of limited jurisdiction, defined (within constitutional bounds) by federal statute." *Badgerow v. Walters*, 596 U.S. 1, 7 (2022). Nothing of record indicates that a federal district court may assert jurisdiction over the Treasury Department in the manner

Tabler requests. "Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). This court possesses "all powers over" imprisonment, probation, and supervised release in this matter. 18 U.S.C. § 3605; *see also United States v. Adams*, 723 F.3d 687, 689 (6th Cir. 2013). This Court retains jurisdiction over conviction issues such as a prior collateral attack under Section 2255. *See United States v. Cottom*, No. 6:15-CR-06054 EAW, 2021 WL 3046643, at *2–3 (W.D.N.Y. July 20, 2021) (citing *Napoles v. United States*, 536 F.2d 722, 724, 726 (7th Cir. 1976)). While restitution is a sentencing issue, *see* 18 U.S.C. § 3664, this motion relates to the way another agency is collecting that restitution. In short, Tabler has not established that this Court has the power to grant his motion.

To the extent Tabler alleges that the TOP offset program imposes restitution inconsistent with Tabler's sentence, this could raise a justiciable issue because this Court as the sentencing court, has jurisdiction to amend its restitution order in the criminal case. *See United States v. Yielding*, 657 F.3d 722, 723 (8th Cir. 2011); *United States v. Resnick*, 594 F.3d 562, 565, 569 (7th Cir, 2010); United States v. *Mays*, 430 F.3d 963, 966-967 (9th Cir. 2005); *United States v. Scarboro*, F.Supp.2d 714, 716,717 (E.D. Va. 2005). But Tabler is not challenging his sentence, i.e., his court-ordered restitution. Rather, Tabler raises challenges the TOP offset and asks the Court to order him to be removed from the TOP program, something outside the scope of this now-closed criminal action. As explained by the Sixth Circuit in *Hayes*,

[a] restitution order acts as a lien in favor of the government, and, aside from specific exceptions, the government may enforce a restitution order "by all other available and reasonable means." *United States v. Gallion*, 504 F. App'x 373, 376-77 (6th Cir. 2012) (quoting 18 U.S.C. § 3664(m)(1)(A)(ii)). One means of enforcing a restitution order is the Treasury Offset Program. *See United States v. Campbell*, 245 F. App'x 505, 507 (6th Cir. 2007). Under that program, "any federal agency with a claim against the debtor, after notifying the debtor that the debt is subject to administrative offset and providing an opportunity to dispute the debt or make arrangements to pay it, may collect the debt by administrative offset." *Johnson v. U.S. Dep't of Treasury*, 300 F. App''x 860, 862 (11th Cir. 2008) (per curiam). All funds payable by the United States to an individual who owes certain federal debts are subject to offset unless exempted by statute. *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).

*United States v. Hayes*, No. 23-3252, 2023 WL 10553977, at *2 (6th Cir. Nov. 13, 2023).

Here, Tabler's sentence included an order that Tabler "shall make restitution," and ordered that a "[l]ump sum payment of $207,325" was "[d]ue immediately" "in accordance with C . . . below" which states that "[p]ayment in the amount of **at least** $100.000 per month . . . [t]his payment scheduled shall continue until such time as there is a material change in the defendant's ability to pay . . ." [DE 22, at 113 (emphasis added)].  Tabler argues he is not seeking a change in the payment plan but merely asking the Court to allow him to continue making his scheduled payment of $100 per month.[1] [DE 28 at 135].  But Tabler ignores the plain language of the restitution order which states that he shall make payment in the amount of "at least" $100 per month.  This language did not order Tabler's payment at $100 per month.  It only established a floor for a minimum about of payment.  The restitution language made payment of the entire amount of 207,325.00 due immediately, and established that at a minimum, payment in the amount of at least $100 per month, was required. As stated above, Tabler agreed "that any payment

---

[1] If Tabler were seeking a modification to his payment plan, he would have to show that there has been a material change in his economic circumstances as required by 18 U.S.C. § 3664(k) that would limit the payment plan to no more than $100. Tabler has not made this showing.

4

schedule imposed by the Court is without prejudice to the United States to take all actions available to it to collect the full amount of the restitution at any time." [DE 8, ¶ 9 at 20]. And he agreed "to his name and debt being added to the Treasury Offset Program." [DE 8, ¶ 9 at 21]. Thus, Tabler is incorrect that the Court only ordered him to pay $100 of restitution per month and that the United States cannot collect an amount above $100 through TOP. His motion must therefore be denied.

### III. CONCLUSION

For all the reasons set forth above, and the Court being sufficiently informed, **IT IS ORDERED** that Tabler's motion [DE 26] is **DENIED**.

Rebecca Grady Jennings, District Judge
United States District Court

May 11, 2026

5